**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CAUSE OF ACTION INSTITUTE <br> 1875 Eye Street, N.W., Suite 800 <br> Washington, D.C. 20006, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL TRADE COMMISSION <br> 600 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20580, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 17-1649 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records, and portions thereof, improperly withheld by Defendant Federal Trade Commission ("FTC").

2. The agency records at issue concern certain FTC attorney-employees, as well as the FTC's communications with the United States House of Representatives Committee on Oversight and Government Reform ("OGR"). That correspondence, in turn, concerns the FTC's enforcement proceeding against LabMD, Inc. ("LabMD"), an Atlanta-based cancer detection company.

3. Although ostensibly identifying a substantial universe of responsive records, the FTC produced only forty-seven (47) pages of records redacted in part under various FOIA exemptions. The FTC appeared to withhold an unidentified number of records in full under Exemption 3, in conjunction with Section 21(f) of the FTC Act, but without sufficient explanation. Finally, the FTC refused to justify its invocation of the Speech or Debate Clause of the United States Constitution to exempt portions of its correspondence with OGR.

4. By failing to provide a satisfactory basis for its use of the Speech or Debate Clause—which is not a withholding statute or privilege, but a constitutional immunity belonging to Members of Congress and their aides—and by refusing to provide details concerning its use of FOIA exemptions, the FTC has unlawfully withheld agency records to which CoA Institute has a right and that serve the public interest in transparent, accountable government.

## JURISDICTION AND VENUE

5. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

7. CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under the FOIA to the records of federal agencies, entities, and offices—including the FTC—and disseminates its findings, analysis, and commentary to the public. CoA Institute is regularly recognized as a representative of the news media, as defined by the FOIA. CoA Institute submitted the request at issue in this Complaint on its own behalf and in pursuit of its educational mission.

8. The FTC is an agency within the meaning of 5 U.S.C. § 552(f)(1). The FTC has possession, custody, or control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

9. By letter, dated October 30, 2014, CoA Institute submitted a FOIA request to the FTC seeking access to "all documents (including, but not limited to, communications via e-mail,

text or facsimile): (1) regarding Margaret (or Maggie) Lassack or Alain Sheer; and (2) reflecting communications (including, but not limited to, via e-mail, text, or facsimile) with the United States House of Representatives Committee on Oversight and Government Reform regarding the matter captioned *In re: LabMD, Inc.*, FTC Docket No. 9357." Ex. 1 at 1.  CoA Identified the time period for its request as "August 28, 2013 to the present." *Id.*

10. For fee purposes, CoA Institute requested classification as a representative of the news media. *Id.* at 1–2. CoA Institute argued, in line with the statutory standard, that it "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." *Id.* at 1 (citing 5 U.S.C. § 552(a)(4)(A)(ii)(II)). CoA Institute clarified that the definition of a news media requester "unequivocally contemplates that organizations such as Cause of Action, which electronically dissemination information and publications via 'alternative media[,] shall be considered to be news-media entities.'" *Id.* at 2. Finally, in support of its fee category request, CoA Institute identified the various federal agencies that, to date, had recognized CoA Institute's status as a representative of the news media. *Id.* at 2 n.3.

11. CoA Institute indicated that, "[i]n the event that [its] request for news media status is denied, [and] . . . without waiving its right to appeal, [it] would be willing to pay applicable fees up to $1,500." *Id.* at 2. CoA Institute requested, however, that the FTC contact CoA Institute before proceeding if the agency expected applicable fees to exceed $1,500. *Id.*

12. By letter, dated October 30, 2014, the FTC acknowledged that it had received CoA Institute's FOIA request and assigned the request tracking number FOIA-2015-00110. Ex. 2.

3

13. By letter, dated November 20, 2014, the FTC denied CoA Institute's "request for news media status because [the agency] ha[d] determined that [CoA Institute] is a 'commercial use' requester[.]" Ex. 3. The agency provided no explanation for its determination.

14. The FTC issued a partial response to CoA Institute's FOIA request by letter, dated December 16, 2014. Ex. 4. The agency first clarified that it had adopted the date of receipt of CoA Institute's request as the cut-off for its search. *Id.* at 1 ("[W]e have searched our records as of October 30, 2014, the date we received your request in our FOIA office."). The FTC also indicated that it had "reviewed 33 pages of records responsive to part two" of the request. *Id.* Only twenty-seven (27) pages, however, were included in the interim production. *See* Ex. 5.

15. The FTC claimed that portions of the responsive records in the interim production were "protected from disclosure under Article I, § 6, cl. 1 of the Constitution, otherwise known as the Speech and Debate Clause." Ex. 4 at 1. This same information was concurrently withheld under Exemption 7(A), as the FTC believed disclosure "could reasonably be expected to interfere with ongoing law enforcement activities." *Id.*

16. The FTC also withheld portions of responsive records under Exemptions 6 and 7(C) because the content allegedly "contain[ed] personal identifying information compiled for law enforcement purposes," the disclosure of which was outweighed by "individuals' right to privacy[.]" *Id.* In all instances, the use of Exemptions 6 and 7(C) overlapped with the use of Exemption 7(A) and the Speech or Debate Clause. *See* Ex. 5.

17. The FTC failed to provide any detailed justification for its assertion of the Speech or Debate Clause, as applied to the records in the interim production, nor did it proffer details concerning the use of FOIA exemptions beyond a mere recitation of their general purpose.

18. By letter, dated December 19, 2014, CoA Institute filed a timely administrative appeal of the FTC's denial of CoA Institute's fee category request. Ex. 6. CoA Institute reiterated that it met the statutory definition of a representative of the news media. *Id.* at 2–5. CoA Institute also clarified it was not a "commercial use" requester under FTC regulations and had no commercial interest that would be advanced by disclosure of the requested records. *Id.* at 5–7. CoA Institute explicitly indicated that it "submitted its FOIA request on its own behalf and not its client's[.]" *Id.* at 6.

19. By letter, dated January 15, 2015, CoA Institute filed a timely administrative appeal on the FTC's December 16, 2014 interim response and the agency's treatment of responsive records. Ex. 7. Specifically, CoA Institute challenged the use of Exemptions 6 and 7(C) on the basis that the FTC "failed to establish cognizable substantial privacy interests" and failed to "demonstrate that [those interests] outweigh the strong public interest in disclosure." *Id.* at 2. CoA Institute further argued that the FTC lacked standing to assert the Speech or Debate Clause and improperly relied on Exemption 7(A). *Id.*

20. By letter, dated January 21, 2015, the FTC issued its determination on CoA Institute's fee category appeal and upheld its initial denial. Ex. 8. The FTC alleged that CoA Institute "has an obvious commercial purpose in requesting communications referencing the staff attorneys assigned to the *LabMD* matter, and with [OGR] for the same matter." *Id.* at 1. The agency pointed to CoA Institute's "role as opposing counsel in the [FTC's] pending litigation against LabMD," and "did not find credible the claim . . . that [CoA Institute] made its request on [its] own behalf[.]" *Id.* The FTC appeared to base its finding on CoA Institute's "website maintenance activities," *id.*, and insinuated that CoA Institute's request was "motivated by litigation rather than public good[.]" *Id.* at 2.

5

21. The FTC issued its second and final response to CoA Institute's FOIA request by letter, dated February 10, 2015. Ex. 9. The agency indicated that it had "located an additional 1.5GB of responsive records," but it did not specify a total page count. *Id.* at 1. CoA Institute was "grant[ed] access to the accessible records." *Id.*

22. The FTC again withheld portions of responsive records under the Speech or Debate Clause and Exemption 7(A). *Id.*; *cf. supra* ¶¶ 15, 17. Portions of records were withheld under Exemption 5, in conjunction with the deliberative process privilege, as the FTC believed that they contained "staff analyses, opinions, and recommendations." Ex. 9 at 1. Exemptions 6 and 7(C) were ostensibly invoked to protect "personal identifying information compiled for law enforcement purposes." *Id.* at 2; *cf. supra* ¶ 16. The FTC relied on Exemption 7(E) to withhold records that it believed would "disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." Ex. 9 at 2.

23. The FTC also relied on Exemption 3, in conjunction with Section 21(f) of the FTC Act, to withhold an unknown number of records. *Id.* at 1 (citing 15 U.S.C. § 57b-2(f)). Based on the absence of any Exemption 3 markings in the FTC's twenty-page (20) final production, these records were withheld in full. *See* Ex. 10. The FTC failed to indicate how many of the "1.5GB" of responsive records included records withheld in full under Exemption 3. *See supra* ¶ 21.

24. In a number of instances, the FTC withheld substantive portions of responsive records as "duplicative," but without reliance on a recognized FOIA exemption. *See, e.g.*, Ex. 10 at 7 (October 31, 2014 Email from David C. Shonka to Kim Vandecar).

25. The FTC's final response included an invoice in the amount of $324.14 for search, review, and reproduction costs. Ex. 9 at 3.

26. By letter, dated February 17, 2015, the FTC issued its determination on CoA Institute's January 15, 2015 appeal. Ex. 11. The agency summarily upheld its application of the Speech or Debate Clause and determined that it "need not address" CoA Institute's argument that "the FTC lacks 'standing to assert the Clause'" because "the Committee itself has asserted, and continues to assert, the Speech or Debate Clause protection[.]" *Id.* at 1. The FTC provided no specific details as to OGR's assertion of the Clause or its proper application to the records at issue. With respect to FOIA exemptions, the FTC argued that CoA Institute had failed to identify a countervailing public interest against the use of Exemptions 6 and 7(C), *id.* at 1–2, and that "[t]he FTC need not demonstrate interference [with a law enforcement proceeding or investigation] on a document-by-document basis" for Exemption 7(A). *Id.* at 2–3.

27. By letter, dated March 12, 2015, CoA Institute filed a timely administrative appeal of the FTC's final response and second production. Ex. 12. CoA Institute argued that the FTC had failed to indicate how many responsive records were being withheld under Exemption 3, relying instead on "a formulaic recitation of the law, which lacks any particularized explanation of how the purportedly exempted documents fall within the scope of Section 21(f)[.]" *Id.* at 2. CoA Institute also argued that any reliance on the deliberative process privilege was insufficient as the FTC failed to describe how records were pre-decisional or deliberative. *Id.* CoA Institute reiterated its previous arguments concerning the use of the Speech or Debate Clause and Exemptions 6, 7(A), and 7(C). *Id.* at 3–4. Finally, CoA Institute argued that the FTC misused Exemption 7(E) because the records at issue were controlled by the Office of Congressional

Relations, "a non-investigatory arm of the FTC that is not likely in possession of information" that could reveal "guidelines for law enforcement investigations or prosecutions." *Id.* at 4.

28. By letter, dated April 9, 2015, the FTC issued its determination on CoA Institute's March 12, 2015 appeal. Ex. 13. The agency affirmed its invocation of the Speech or Debate Clause, again arguing that it "need not address [CoA Institute's] argument that the FTC lacks 'standing to assert the Clause[.]'" *Id.* at 1. The agency indicated that Section 21(f)(1) of the FTC Act exempted records collected on a compulsory basis or voluntarily in lieu of a compulsory process. *Id.* at 1–2. The FTC relied on non-specific bases for upholding its use of Exemptions 5, 7(A), and 7(E). *Id.* at 2.

29. CoA Institute fully exhausted its administrative remedies by timely appealing the adverse determinations issued by the FTC with respect to CoA Institute's fee category request and the FTC's invocation of the Speech or Debate Clause and various FOIA exemptions.

## COUNT I
### Violation of the FOIA: Failure to Comply with Statutory Requirements

30. CoA Institute repeats all of the above paragraphs.

31. The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

32. The FOIA further requires that when an agency issues a determination—*i.e.*, an interim or final response—it must state "such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i)(I). This includes a specific statement, particular to the request at issue, which "inform[s] the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

8

33. The FOIA limits an agency's ability to withhold information to situations where "the agency reasonably foresees that disclosure would harm an interest protected by an exemption" or when "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A)(i)(I)–(II).

34. CoA Institute's October 30, 2014 FOIA request seeks access to agency records maintained by the FTC, reasonably describes the records sought, and otherwise complies with the FOIA and applicable FTC regulations.

35. The FTC failed to assert any lawful basis under the FOIA for withholding portions of agency records responsive to CoA Institute's request (1) under statutory exemptions, (2) by invoking the Speech or Debate Clause of the United States Constitution, or (3) by marking portions of records as "duplicative."

36. The FTC has irreparably harmed CoA Institute by improperly withholding requested agency records, or portions thereof, to which CoA Institute has a right of access. CoA Institute will continue to be irreparable harmed until the FTC grants full access to the records.

37. CoA Institute has fully exhausted its administrative remedies.

## RELIEF REQUESTED

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a. Enter an Order declaring that the FTC has improperly withheld the requested agency records or portions thereof;

b. Order the FTC to re-process all records responsive to CoA Institute's October 30, 2014 FOIA request and to produce non-exempt portions within twenty (20) business days of entry of the Order;

c. Maintain jurisdiction over this action until the FTC complies with the Order;

    d.      Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

    e.      Grant such other relief as the Court may deem just and proper.

Dated:  August 15, 2017

Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362
Lee A. Steven
D.C. Bar No. 468543

CAUSE OF ACTION INSTITUTE
1875 Eye Street, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
ryan.mulvey@causeofaction.org
lee.steven@causeofaction.org

*Counsel for Plaintiff CoA Institute*